IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

REGINALD LEE,           *

    Plaintiff,       *

v.                      *     CIVIL NO.: WDQ-05CV-897

MARTIN O'MALLEY et al., *

    Defendants.      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Reginald Lee, pro se, has sued Sheila Dixon, President of the Baltimore City Council, Kevin Clark, former Commissioner of the Baltimore Police Department (BPD), the BPD, Officer Douglas L. Patterson of the BPD and two unidentified officers of the BPD under 42 U.S.C. § 1983 and the Maryland Declaration of Rights. Pending are the Defendants' motions to dismiss. For the following reasons, Dixon's motion to dismiss will be granted; the motion to dismiss Kevin Clark, the Baltimore Police Department, Officer Douglas L. Patterson, Officer John Doe and Officer Richard Roe (the "BPD Defendants") will be granted in part and denied in part.

1. Background

On April 1, 2002 Lee was arrested by BPD officers for assaulting his girlfriend, Sandra Pilson. Compl. ¶ 17. Bail was set at $250,000. Id at ¶ 21. Lee claims he was falsely accused

1

by Pilson and wrongfully arrested by the BPD. *Id* at ¶¶ 15-17. Lee alleges that BPD officers deliberately falsified their probable cause statement to have Lee's bail denied. *Id* at ¶ 20. According to Lee, these actions reflected a policy and tradition of the BPD. *Id* at ¶ 22.

Lee has sued, arguing that the actions of the BPD violated his: 1) Fourth Amendment right to be free from unreasonable searches and seizures; 2) his Fourteenth Amendment rights to due process and equal protection under the law; and 3) his rights under the Maryland Declaration of Rights. The defendants have moved to dismiss. Lee has not responded.

II.  Sheila Dixon's Motion to Dismiss

Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et. al.*, 7 F.3d 1130, 1134 (4th Cir. 1993). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents.

2

*Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D.Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action. *Id.*

Pro se complaints are held to a less stringent standard than those drafted by attorneys, and courts are required to construe these complaints liberally. *Strickler v. Waters,* 989 F.2d 1375 (4th Cir. 1993); *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978).

Sheila Dixon has moved to dismiss the Complaint arguing, *inter alia,* that Lee's claims are time-barred.

There is no federal statute of limitations for actions brought under § 1983. Instead, such actions are governed by state statutes of limitations. *Fauconier v. Waters*, 2005 WL 1076532, slip op. (D.Md. 2005). Accordingly, Lee's claims are governed by Maryland's three-year limitations period. Annotated Code of Maryland, Cts. & Jud. Proc. Art., § 5-101. As Lee alleges that he was injured on April 1, 2002 but did not include Dixon as a defendant until August 10, 2005, his claim against her is time-barred.

Under Federal Rule of Civil Procedure 15(c), however, an amendment of the complaint that adds new defendants can relate back to the date of the filing of the original complaint if: 1)

the claim arises out of the same conduct; 2) the new party received notice of the suit within 120 days of the filing of the original complaint; and 3) the new party knew or should have known that it was a proper party to the action.  Federal Rule of Civil Procedure 15(c)(3).

Dixon contends that she did not receive notice of the suit until April 5, 2006, and that she had no knowledge that she was a target of the action.  As Lee has not disputed these contentions, the Court finds that Lee's Amended Complaint does not relate back to the filing of the original complaint.  Accordingly, Dixon's motion to dismiss will be granted.

III.  BPD Defendants' Motion to Dismiss

The BPD Defendants have moved to dismiss the Complaint on the grounds that: 1) Lee's arrest was reasonable; 2) the BPD is immune from tort liability; 3) Lee has failed to state a claim on which relief can be granted; and 4) Lee's state law claims are barred by the LGTCA.

A. State Law Claims

The BPD defendants argue that they cannot be held liable under state law because, *inter alia,* Lee did not provide notice of the injury within 180 days of the alleged injury as required by the Local Government Tort Claim Act (LGTCA).

4

According to the LGTCA, "an action for unliquidated damages may not be brought against a local government or its employees unless . . . notice of the claim . . . is given within 180 days after the injury." MD. Code Ann., Cts & Jud. Proc. § 5-304. Notice is a condition precedent to the right to maintain a civil action, and compliance with the notice statute should be alleged in the complaint as a substantive element of the cause of action. *Madore v. Baltimore County*, 34 Md. App. 340, 342 (Md. Ct. Spec. App. 1976) (*citing Neuenschwander v. Wash. San. Com.*, 187 Md. 67, 76 (Md. 1946)). Although strict compliance with the notice provisions of the LGTCA is not always required, the plaintiff must ensure that the local government "has sufficient actual notice to perform a proper and timely investigation." *Moore v. Narouzi*, 371 Md. 154, 178 (2002).

Although the Court will construe Lee's *pro se* complaint broadly, Lee did not plead compliance with the LGTCA in his complaint, nor has he disputed that he failed to provide the City notice of his injury. Accordingly, Lee's state law claims against the BPD Defendants will be dismissed.

B. Federal Law Claims

Although his complaint is not entirely clear, Lee appears to be alleging that his Fourth and Fourteenth Amendment rights were violated when the BPD arrested him on the basis of Pilson's false

5

accusation of assault and when BPD officers falsified a probable cause statement to ensure that he was held without bail (although bail was later set at $250,000). The BPD Defendants have moved to dismiss Lee's federal law claims on the grounds that: 1) Pilson's accusation provided probable cause for Lee's arrest; and 2) Lee's claims lack factual support.

Lee has alleged, however, that Pilson broke into his home, assaulted him in the presence of BPD officers and falsely accused him of assaulting her. Lee has further alleged that Pilson's daughter advised the police that Pilson had broken into Lee's home and falsely accused Lee of assault. Lee argues that it was unreasonable for the BPD to accept her accusations and, therefore, there was no probable cause for his arrest. Accordingly, Lee has alleged sufficient factual support for his claim of wrongful arrest.

Lee has also alleged that the BPD officers told him that the probable cause statement would be falsified to ensure that he was denied bail, and he was initially denied bail. Taking these allegations to be true, Lee has provided sufficient factual support for his claims.

Finally, Lee's assertion that the BPD has a policy and tradition of misconduct that was the result of the "zero tolerance" policy of the Mayor, Dixon and Clark and "arrest quotas" is sufficient to support his claim that Clark was

6

responsible for his injuries.

As Lee has alleged sufficient factual support for his claims that his arrest and detention violated his Fourth and Fourteenth Amendment rights, his claims cannot be dismissed as a matter of law. Accordingly, the BPD Defendants' motion to dismiss Lee's federal law claims will be denied.

IV. Conclusion

For the reasons stated above, Sheila Dixon's motion to dismiss Lee's claims will be granted. The BPD's motion to dismiss will be granted as to Lee's state law claims but denied as to his federal law claims.

\_\_\_7/17/6_____     _____
Date                             William D. Quarles, Jr.
                                 United States District Judge