IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| REGINALD LEE, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-05-0897 |
| MARTIN O'MALLEY, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Reginald Lee, *pro se*, has sued former Baltimore Mayor Martin O'Malley, the City of Baltimore, former Baltimore City Council President Sheila Dixon, the Baltimore City Council, former Baltimore City Police Commissioner Kevin Clark, the Baltimore Police Department (the "BPD"), and BPD officer Theo Fleet,[1] and two unidentified BPD officers, John Doe and Richard Roe (with Fleet, the "BPD Officers"), for unreasonable search and seizure of his person, and violation of his rights to due process and equal protection under the U.S. and Maryland Constitutions.

Lee's federal causes of action have been dismissed, or

---

[1] BPD officer Douglas L. Patterson was dismissed and replaced by Fleet on November 30, 2006. Paper no. 56.

1

summary judgment granted thereon, as to O'Malley, the City of Baltimore, Dixon, and the Baltimore City Council; Lee's state-law causes of action have been dismissed as to all parties. Papers No. 17, 26, 44, 50.  Remaining are Lee's claims against the BPD, Clark, and the BPD Officers under federal law.

Pending are the Defendants' motion for summary judgment (Paper No. 62), and Lee's motions for summary judgment (Papers No. 66 and 71), and for issuance of a subpoena (Paper No. 70). For the following reasons, the Defendants' motion will be granted, and Lee's motions will be denied.

I.  Background

On April 1, 2002, Fleet arrested Lee for assaulting his live-in girlfriend, Sandra Pilson, at Lee's residence at 4121 Fairview Avenue in Baltimore, Maryland.  Compl. ¶ 17.  Bail was set at $250,000.  *Id.* ¶ 21.

Lee alleges that he was falsely accused by Pilson and claims that he was arrested by Fleet without probable cause. *Id.* ¶¶ 15-17.  Lee further claims that Fleet deliberately falsified his probable cause statement so that Lee's bail would be set very high or denied.  *Id.* ¶ 20.  According to Lee, these actions reflected a policy and tradition of the BPD instituted by Clark.  *Id.* ¶ 22; Am. Compl. ¶¶ 2-3.

II. Summary Judgment

The Defendants argue that summary judgment is due in their favor because Fleet had probable cause to arrest Lee or, alternatively, is protected by qualified immunity for doing so, and Lee has produced no evidence of acts or omissions by Clark, the BPD, or the other BPD Officers supporting his claims.

Lee contends that: (1) no reasonable police officer could have concluded that there was probable cause for his arrest; (2) Fleet acted with malice and thus is not entitled to qualified immunity; and (3) Fleet's allegedly false report violated Lee's right to due process and equal protection; and (4) Clark and the BPD are liable because they hired, trained and supervised the BPD officers, who were executing an official policy or custom of the BPD in violating Lee's rights.

II.A.  Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Only "facts that might affect the outcome of the suit under the governing law" are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. The court must also view any inferences drawn from the underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 257. The mere existence of a "scintilla" of evidence is insufficient. *Id*. at 252. If the nonmoving party fails to show an essential element of his case on which he will bear the burden of proof at trial, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. 317, 323; Fed. R. Civ. P. 56(e).

II.B. Analysis

The Fourth Amendment, applicable to the States through the Fourteenth Amendment, *Mapp v. Ohio*, 367 U.S. 643, 660 (1961),

4

protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV.

"[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (internal citations omitted).

> An officer has probable cause for arrest when the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.

*Wilson v. Kittoe,* 337 F.3d 392, 398 (4th Cir. 2003) (internal quotation marks omitted).

Lee argues that false statements in Fleet's probable cause statement resulted in his bail being set too high--$250,000, and thus deprived him of due process and equal protection under the Fourteenth Amendment.

But "the Fourth Amendment provides all of the pretrial process that is constitutionally due to a criminal defendant in order to detain him prior to trial." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 184 (4th Cir. 1996). "Once a pretrial seizure has been rendered reasonable by virtue of a probable

5

cause determination by a neutral and detached magistrate, the continuing pretrial seizure of a criminal defendant--either by detention or by bond restrictions--is reasonable." *Id*. Thus, to survive summary judgment, Lee must present affirmative evidence that he was arrested and detained without probable cause.

Fleet arrested Lee for first and second degree assault under Maryland's Article 27, sections 12A-1 and 12A.[2] Defs.' Mot. Ex. 1 (Fleet's arrest report) at 1. Section 12A-1 defines first degree assault as "caus[ing] or attempt[ing] to cause serious physical injury to another." Md. Ann. Code art. 27 § 12A-1 (2002). Section 12A defines second degree assault as "commit[ing] an assault," which includes the common law offenses of assault, battery, and assault and battery. Md. Ann. Code art. 27 §§ 12, 12A (2002), *Cooper v. State,* 128 Md. App. 257, 265 (Md. Ct. Spec. App. 1999). Common-law battery "is the unlawful application of force to the person of another," *Snowden v. State,* 321 Md. 612, 617 (1991); and, under the criminal statute, "involves an intentional, harmful physical contact with the victim that is not legally justified." *Foy v. Giant Food*

---

[2] Sections 12A-1 and 12A were repealed and replaced by sections 3-202 and 3-203 of Maryland's Criminal Law Article on October 1, 2002.

6

*Inc.*, 298 F.3d 284, 290 (4th Cir. 2002) (*citing Cooper,* 128 Md. App. at 265).

Fleet attests Pilson told him that Lee regularly hit her, had beaten her severely two nights before, and she was afraid Lee would kill her.  Defs.' Mot. for Summ. J., Fleet Aff. ¶¶ 2-3.  Fleet states that he observed bruises on Pilson's forehead and scratches on her face, and then arrested Lee for assault based on Pilson's statements and his observations.  *Id*. ¶ 4.  Fleet further attests that a medic treated Ms. Pilson, her injuries were photographed, and she completed a domestic violence form detailing her injuries.  *Id*. ¶ 5.  On the domestic violence form, Pilson indicates that she has "black eyes." Defs.' Mot. for Summ. J., Feet Aff. Ex. 2 (Domestic Violence Supplement) at 2.

Lee concedes that Pilson made the accusations of assault to Fleet, but argues that Pilson was lying.  Lee Aff. ¶¶ 12, 14 (filed with Lee's Mot. for Summ. J and Default J. (Paper No. 22)), Defs.' Mot. Ex. 2 (Lee Dep. Tr., Sept. 15, 2006, cited *infra* as "Lee Dep.") at 60, *ll*. 6-8, 15-16.  Lee disputes whether Pilson had any visible injuries, though, attesting that Pilson lacked any marks on her face or body, and notes that the Defendants have not produced the photographs that Fleet says were taken of those injuries.  Lee Dep. 60, *ll.* 20-22.  Further,

7

Lee attests Fleet told him that "he would write the probable cause statement in such a way, that [Lee] would not get . . . bail, or would get a very high bail." Lee Aff. ¶ 18. Thus, there is a genuine factual dispute over whether Fleet observed any injuries on Pilson and filed an accurate probable cause statement.

The situation is analogous to that presented in *Miller v. Prince George's County, MD*, 475 F.3d 621 (4th Cir. 2007), where the plaintiff claimed unlawful arrest and imprisonment without probable cause because of false statements and omissions made in a warrant affidavit. The Fourth Circuit instructed that:

> in order to violate the Constitution, the false statements or omissions must be "material," that is, "necessary to the [neutral and disinterested magistrate's] finding of probable cause." To determine materiality, a court must "excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." If the "corrected" warrant affidavit establishes probable cause, no civil liability lies against the officer.

*Id.* (quoting *Franks v. Delaware,* 438 U.S. 154, 155-56 (1978); *Wilson v. Russo,* 212 F.3d 781, 788 (3d Cir. 2000)). Thus, the determination of whether the alleged false account of Pilson's visible injuries in Fleet's statement of probable cause is material rests upon whether Fleet had probable cause to arrest Lee for assault had he not observed the injuries.

When there is no genuine issue of material fact, the existence of probable cause is purely a legal question for the court. *S.P. v. City of Takoma Park, Md.,* 134 F.3d 260, 272 (4th Cir. 1998). Lee concedes that Pilson told officer Fleet that Lee had beaten her severely two nights before the night of the arrest, and does not dispute that she also told Fleet that she feared for her life. Such statements were sufficient for a prudent police officer under the circumstances to believe that Lee had attempted to cause Pilson serious physical injury, and were thus probable cause for Lee's arrest and subsequent pre-trial detainment.

As Fleet had probable cause for the arrest, Lee's underlying claim that Fleet violated his rights under the Fourth Amendment cannot withstand summary judgment. Furthermore, no evidence has been presented to support Lee's claims against the two unidentified BPD Officers, or that Clark "instituted a policy of 'zero tolerance', and 'arrest quotas', which resulted in a 'government custom'" within the BPD "to make arrests without probable cause, and to falsify probable cause statements." Am. Compl. ¶¶ 2-3. Accordingly, the Defendants' motion for summary judgment will be granted, and Lee's motions for summary judgment will be denied.

III. Lee's Motion to Issue a Subpoena

Lee moves for the Court to order the issuance of a subpoena on Pilson to appear for a deposition and testimony in court. Lee admits that Pilson made the allegations of assault to Fleet that, whether true or false, were probable cause for Lee's arrest and pretrial detention; thus, whatever Pilson's testimony, it could not create a genuine issue of material fact to preclude summary judgment for the Defendants.  Accordingly, Lee's motion to issue a subpoena will be denied.

IV.  Conclusion

For the reasons stated above, the Defendants' motion for summary judgment will be granted, and Lee's motions will be denied.


|   June 25, 2007   |      /s/      |
|---|---|
| Date | William D. Quarles, Jr.<br>United States District Judge |